[See Case No. 14,941.]

## Case No. 14,941.

### UNITED STATES v. DE HARO et al.

[Hoff. Dec. 77.]

District Court, N. D. California. July 27, 1862.[1]

MEXICAN LAND GRANTS—OBJECTIONS TO SURVEY.

[1. Under the ordinances of the former government it seems that all grants of public land were required to be measured in a square or rectangular form, and the only deviation allowed was in cases where some natural obstacle prevented such a measurement, and then the parallelogram was transformed into a trapezium; that is, two of the sides were measured parallel to each other, but, if a natural obstacle prevented the production of one of them far enough to include the entire quantity within a rectangular figure, the other was produced, and their ends united by an oblique line.]

[2. The court has no authority to deflect and modify lines so as to exclude particular parcels, even where they have been settled upon by others in good faith. The only proper method is to make the location as described in the decree of confirmation, and, when the decree fails to give specific directions, to measure the land as required by the ordinances.]

[Objections to the official survey of the rancho of the Laguna de las Mercedes, claimed by Josefa de Haro.]

HOFFMAN, District Judge. In the opinion heretofore delivered in this case [Case No. 14,938] it was considered that, by the final

---

[1] [Reversed in 154 U. S. 544, 14 Sup. Ct. 1161.]

decree of confirmation, the quantity of land confirmed to the claimant was the half of one square league, and no more; and that it was to be located in a tract running from north to south one league, and from east to west one-half a league, to be measured according to the ordinances, and so as to include the site of the houses of De Haro, and of Galindo, the original grantee. An order having been entered in conformity with this opinion, a new survey has been made and returned into court for its approval.

With the exception of a very slight curve, introduced so as to conform to the surveyed line of an adjoining rancho, the east and west lines run due north and south, as required by the ordinances. The northerly line also runs east and west; but the southerly line has been surveyed from southwest to northeast, thus giving to the tract the figure of a trapezium. By the ordinance, it would seem that all grants of public land were required to be measured in a square or rectangular form. If, however, any natural obstacle prevented such a measurement, the parallelograms were transformed into trapeziums; that is, two of the sides were measured parallel to each other and running north and south or east and west; but if a natural obstacle prevented the production of one of them far enough to include the required quantity within a rectangular figure, the other was produced, and their ends united by an oblique line, thus giving to the tract the form of a trapezium. On page 77 of the "Ordenanzas de Tierras y Aguas" will be found the diagram of a survey almost identical in figure with the official survey returned into court. Conceding that the land is to be measured in a tract one league long from north to south, and half a league wide from east to west, or as nearly in that form as is possible, without passing the exterior limits of the grant, I confess myself unable to see how the survey can be attained so as to conform more nearly to these requirements, or to the provisions of the ordenanzas.

I am aware that there are some circumstances in this case which make it one of peculiar hardship. It is quite possible that many persons have, in good faith, believed that the half league solicited and desired by the claimants was the tract surveyed by Ransom at the instigation of De Saldo, as explained in the former opinions of this court. Under this idea they have settled upon and erected valuable improvements on the lands not included in that survey, of which they will be dispossessed if the survey now before the court shall be finally approved. But, for the reasons heretofore given, I have not felt at liberty to disregard the explicit language of the final decree of the board and of this court, in which both the United States and the claimants have acquiesced, and which not only omits to adopt the Ransom survey, but directs a different location of the tract to be made. Under that decree, taken in connection with the ordenanzas, I am unable to perceive how any alteration, except one purely arbitrary, in the survey can be made. But even if such alteration were attempted, with a view of excluding settlers now included, others not now embraced within the survey would be included, who would urge their objections, and ask for a further modification of the lines. I do not consider that I have the power or the right thus arbitrarily to cause ranchos to be surveyed so as to subserve private interests. An attempt to deflect and modify lines so as to exclude particular parcels of lands would not only give rise to suspicions of favoritism and partiality, but might do injustice to other parties whose small holdings, perhaps of inferior comparative value, but of great importance to their possessors, might thus be included. The only practicable method in any case is to adopt a general rule, and I know of none that I can follow, in a case like the present, but to make the location as described in the decree of confirmation, and, when the decree fails to give specific directions, to measure the land as required in the ordenanzas. I am aware that in this case large interests are involved, and that this, or any other decision I might make, must necessarily create disappointment and discontent.

It affords me much satisfaction to feel that my decision is subject to a review by a higher tribunal, where any errors into which I have fallen will be corrected. The official survey is approved.

[The case was taken on an appeal to the supreme court, where the order of this court was set aside. 154 U S. 544, 14 Sup. Ct. 1161.]